IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA DUER | ) CIVIL ACTION FILE |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. _____ |
| ) | |
| BENSUSSEN DEUTSCH & ASSOCIATES, ) | |
| INC.; ELI LILLY AND COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff LISA DUER ("Duer") hereby makes and files this Complaint for patent infringement, copyright infringement, trade dress infringement, unfair competition, false advertising, fraud, conversion, unjust enrichment and attorneys' fees against Defendants Bensussen Deutsch & Associates, Inc. ("BDA") and Eli Lilly and Company ("Lilly"), individually and collectively ("Defendants") respectfully showing the Court as follows:

## NATURE OF THE ACTION

1.       This is an action for patent infringement, copyright infringement, trade dress infringement, unfair competition, false advertising, fraud, conversion, unjust enrichment and attorneys' fees arising out of Defendants' unlawful infringement of a patented medicine dosage adherence tool owned by Duer and Defendants' unlawful copying of certain copyrights and trade dress associated with Duer's product. In copying Duer's product, Defendants made false representations to consumers and Duer.  Duer has suffered damages and irreparable harm as a result of Defendants' unlawful conduct.

## PARTIES

2.  Plaintiff Duer is an individual residing in Woodstock, Georgia which is within the U.S. judicial district for the Northern District of Georgia, Atlanta Division.

3.  On information and belief, BDA is a corporation organized and existing under the laws of the State of Washington, with a principal place of business at 15525 Woodinville-Redmond Road, NE, Woodinville, Washington 98072.  BDA maintains offices within the Northern District of Georgia, conducts business throughout the Northern District of Georgia, maintains a registered agent at CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361 and is subject to service of process at that address.

4.  On information and belief, BDA is a supplier of branded merchandise for Lilly.

5.  On information and belief, Lilly is a corporation organized and existing under the laws of the State of Indiana, with a principal place of business at Lilly Corporate Center, Indianapolis, Indiana 46285.  Lilly maintains offices within the Northern District of Georgia, conducts business throughout the Northern District of Georgia, maintains a registered agent for service of process at National Registered Agents, Inc., Suite 1240, 1201 Peachtree Street, NE, Atlanta, Georgia 30361 and is subject to service of process at that address.

## JURISDICTION AND VENUE

6.  This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*., copyright infringement, trade dress infringement, false advertising, unfair competition and fraud, conversion and unjust enrichment.

7.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b).  This Court has supplemental jurisdiction over Plaintiff's state law claims.

8. Venue is proper in this judicial district because Defendants are corporations subject to personal jurisdiction in this judicial district, 28 U.S.C. §§ 1391(b)-(c) and 1400.

9. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district, and a substantial part of property that is the subject of the action, namely Duer's dosage adherence tool product, package inserts, patent rights, copyrights, and trade dress rights are situated in this judicial district.

10. Defendants are subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Georgia Long Arm Statute, due at least to its substantial business in this forum, including: (1) the presence of established distribution channels in this forum; and (2) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Georgia and in this judicial district.

## DUER'S PRODUCT AND INTELLECTUAL PROPERTY

11. Duer is in the business of designing, developing, manufacturing, marketing, and selling medicine dosage adherence tools suitable for affixing to pill bottles. A true and correct image of Duer's product is attached hereto as Exhibit A.

12. Duer's product is comprised of seven slides, each representing a day of the week. When a person takes a pill on Monday, the person moves the Monday slide from green to red. When a person takes a pill on Tuesday, the person moves the Tuesday slide from green to red, etc. This assists a person in remembering whether the person took his or her medicine on a given day.

13. Duer markets her product under the trademark "Take-n-Slide."

14. U.S. Patent Number 7,614,358, entitled "Method and Device for Recording Periodic Medicinal Dosages," was duly and legally issued to Duer on November 10, 2009 by the U.S. Patent

and Trademark Office (the '358 Patent).  A true and correct copy of the '358 Patent is attached hereto as Exhibit B.

15.     Duer is the owner of the entire right, title, and interest in the '358 Patent including all rights necessary to prosecute this case and collect all damages and equitable remedies past, present and future, resulting from Defendants' infringement.

16.     Duer is also the owner of all right, title and interest in copyrights associated with a package insert sheet that is packaged with Duer's product.  On the front of the package insert sheet is an image of Duer's product attached to a pill bottle, the words "your logo here" and "U.S. Patent No. 7,614,358".  On the back of the package insert sheet are instructions to use Duer's product.  A true and correct copy of the front and back of Duer's package insert sheet is attached hereto as Exhibit C-1 and C-2.  An expedited application for copyright registration for Duer's package insert sheet has been filed with the United States Copyright Office.

17.     Duer's Take-n-Slide consists of an inherently distinctive combination of design, size, shape and color scheme.  Duer's Take-n-Slide is rectangular in shape with the days of the week organized vertically down the left side of the product.  Seven slides corresponding to the seven days of the week are organized vertically down the middle of the product.  When a person takes medicine on a given day, the person moves the slide corresponding to that day from left to right.  When the slide is moved, a different color appears next to the slide.  In Duer's Take-n-Slide, the color green is visible when the slide is in the left position, and the color red is visible when the slide is in the right position.  See Exhibit A and C-1.

18.     Duer's trade dress has become well known to the consuming public as being associated or originating from a single source, namely Duer.

## DUER'S CONTACT WITH DEFENDANTS

19. During 2010 – 2011 Duer, through her distributor Richard Cosgrove of Anatomed, Inc., had significant discussions with Lilly and BDA regarding the purchase of Duer's Take-n-Slide by Defendants.

20. As part of those discussions, Duer provided Defendants with sample products, images of products, and instruction sheets related to the operation of Duer's product.

21. As part of those discussions, Lilly informed Duer that, rather than purchase products directly from Duer or Anatomed, Lilly wanted Duer to sell her product to BDA because BDA was already a Lilly approved supplier. BDA would, in turn, sell Duer's product to Lilly.

22. In June 2011, BDA sent Anatomed a supplier agreement seeking to formalize an arrangement where BDA would purchase Duer's product through Anatomed for resale to Lilly.

23. The supplier agreement contained some terms that were objectionable to Duer. One example of an objectionable term was BDA's requirement prohibiting Duer from selling Take-n-Slide products directly to any BDA customer for two years after expiration of supplier agreement.

24. Shortly after Anatomed informed BDA of Duer's objection to the two year nonsolicitation language in BDA's proposed supplier agreement, in late June/early July 2011 Lilly and BDA abruptly ended discussions to purchase Duer's Take-n-Slide product.

25. When Anatomed inquired as to why the discussions ended, Defendants simply responded that Lilly decided not to move forward with Duer's product.

26. In or about September 2013, Duer became aware that Defendants had indeed moved forward with Duer's product, albeit without Duer's knowledge or permission. Specifically, Defendants copied Duer's product, copied Duer's package insert sheet, removed

Duer's patent number from Duer's package insert sheet and distributed these items to Defendants' customers.

## ACCUSED PRODUCTS

27. Defendants have imported, made, used, offered for sale and/or sold certain products that embody one or more claims of the '358 Patent, including a medicine dosage adherence tool pictured in Exhibit D-1 (the "Accused Product").

28. Defendants have, without permission, copied substantial portions of Duer's package insert sheet and enclosed Defendants' package insert sheet with the Accused Product for distribution to customers. For example, Defendants copied the image of an adherence tool affixed to a pill bottle from Duer's package insert sheet, removed the patent number from Duer's package insert sheet, and copied Duer's product use instructions from Duer's package insert sheet. On information and belief, a true and correct copy of the front and back of Defendants' package insert sheet is attached hereto as Exhibits D-1 and D-2.

## DEFENDANTS' NOTICE

29. Defendants have had actual and constructive notice of the '358 Patent since at least as early as 2010.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,614,358

30. Duer restates and realleges the allegations set forth in the foregoing paragraphs of this Complaint and incorporates them by reference.

31. Without a license or permission from Duer, Defendants infringed one or more claims of the '358 Patent, directly, contributorily, through equivalents, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody

the patented invention, including, without limitation, one or more of the Accused Products pictured in Exhibits D-1, in violation of 35 U.S.C. § 271.

32. Defendants directly contributed and induced infringement through supplying infringing products to customers. Defendants' customers who purchased products and/or used products in accordance with Defendants' instructions directly infringe one or more claims of the '358 Patent, in violation of 35 U.S.C. § 271.

33. On information and belief, Defendants have indirectly infringed and continue to indirectly infringe the '358 Patent by actively inducing direct infringement by other persons -- specifically, Defendants' customers -- who use products covered by one or more of the claims of the '358 Patent when Defendants had knowledge of the '358 Patent and knew or should have known that their actions would induce direct infringement by others and intended that their actions would induce direct infringement by others.

34. The acts of infringement of the '358 Patent by Defendants have caused damage to Duer and Duer is entitled to recover from Defendants the damages sustained by Duer as a result of the wrongful acts of Defendants in an amount subject to proof at trial.

35. Defendants have had actual or constructive knowledge of the '358 Patent, yet infringe said patent. The infringement of the '358 Patent by Defendants was willful and deliberate, entitling Duer to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II
## COPYRIGHT INFRINGEMENT

36. Duer hereby incorporates by reference the allegations of the preceding paragraphs as if set forth fully herein.

37. On information and belief, a package insert bearing an image of an adherence tool affixed to a pill bottle and product use instructions substantially identical to Duer's package insert accompanies Defendants' adherence tool for distribution to customers. See Exhibit D-1 and D-2 hereto.

38. On information and belief, the image of the adherence tool affixed to the pill bottle in Defendants' product insert is the identical image Duer provided to Defendants when Defendants were discussing purchasing adherence tools from Duer.

39. On information and belief, Defendants altered Duer's image of the adherence tool affixed to a pill bottle to remove Duer's patent number from view.

40. Defendants have copied Duer's copyrighted materials (the product insert bearing the image of adherence tool affixed to a pill bottle and instruction sheet) thereby violating Duer's copyrights.

41. Defendants are liable for infringing Duer's copyrights.

42. Defendants' copyright infringement was deliberate and wilful.

43. Duer has suffered damages as a result of Defendants' infringement of Duer's copyrighted materials and will continue to suffer damages and irreparable harm in the future unless Defendants are enjoined from current infringing activities.

## COUNT III

## TRADE DRESS INFRINGEMENT

44. Duer hereby incorporates by reference the allegations of the preceding paragraphs as if set forth fully herein.

45.     Duer's adherence tool product consists of inherently distinctive trade dress that is well known to the consuming public, has generated substantial goodwill for Duer and is of substantial value.

46.     Defendants have intentionally copied the trade dress of Duer's Take-n-Slide product to include the design, shape, size and red and green color scheme of Duer's product. Images of Defendants' infringing product are attached hereto as Exhibits C-1 and C-2.

47.     Defendants' use of the trade dress which is closely associated with Duer's product is likely to deceive purchasers into believing Defendants' and Duer's products come from the same source or are manufactured with permission of the same source.

48.     Defendants' attempt to pass off Defendants' product as Duer's product has resulted in a likelihood of confusion in the marketplace in violation of Section 43(a) of the Lanham Act.

49.     Defendants' infringement of Duer's trade dress was deliberate and wilful.

50.     Duer has suffered damages as a result of Defendants' infringement of Duer's trade dress and will continue to suffer damages and irreparable harm in the future unless Defendants are enjoined from infringing activities.

## COUNT IV

## FALSE AND DECEPTIVE ADVERTISING

51.     Duer hereby incorporates by reference the allegations of the preceding paragraphs as if set forth fully herein.

52.     Defendants have distributed to consumers a product insert bearing an image of an adherence tool affixed to a pill bottle as reflected in Exhibit D-2 attached hereto.

53. Next to that image is the following statement: "Distributed by BDA, Bensussen Deutsch & Assoc., Inc. Woodinville, Washington 98022, (425) 492-6111."

54. That statement is intentionally false and misleading. The adherence tool in the image is not distributed by BDA. The adherence tool in the image is Duer's Take-n-Slide product, which BDA does not distribute.

55. The image was obtained by BDA from Duer, through Anatomed, when Duer and Defendants were discussing Defendants purchasing Take-n-Slide products from Duer.

56. The image is used by Defendants without the permission of Duer.

57. The statement on Exhibit D-2 that the adherence tool reflected in D-2 is distributed by BDA is literally false and is likely to mislead and confuse wholesalers, retailer and end users.

58. Defendants' conduct was deliberate and wilful.

59. Duer has suffered damages as a result of Defendants' false and deceptive advertising and will continue to suffer damages and irreparable harm in the future unless Defendants are enjoined from engaging in further false advertising.

## COUNT V

## UNFAIR COMPETITION

60. Duer hereby incorporates by reference the allegations of the preceding paragraphs as if set forth fully herein.

61. As a direct competitor of Duer, Defendants have copied the trade dress of Duer's Take-n-Slide product, copied images of Duer's Take-n-Slide product, and copied major portions of instruction sheets of Duer's Take-n-Slide product in an effort to falsely suggest association or affiliation with, and/or authorization or approval of Duer, and in a manner that misleads,

confuses and deceives and is likely to cause further confusion, deception and/or mistake as to the association or affiliation of Defendants with Duer.  Defendants have used Duer's distinctive and recognizable trade dress without the authorization of Duer, thereby trading on Duer's goodwill, hard work, and excellent reputation.

62. Defendants' actions are described herein constitute unfair competition with Duer in violation of the common law.

63. Defendants' actions were deliberate and wilful.

64. Duer has suffered damages and irreparable harm as a result of Defendants' actions.

## COUNT VI

## FRAUD

65. Duer hereby incorporates by reference the allegations of the preceding paragraphs as if set forth fully herein.

66. On July 1, 2011 Juan Granados-Zuniga with Lilly informed Duer's distributor Richard Cosgrove that Defendants were not moving forward with Duer's Take-n-Slide product. Mr. Granados-Zuniga further informed Duer's distributor that Defendants will reach out to Cosgrove should Defendants change their mind regarding Duer's product.

67. This statement was intentionally false and misleading.

68. On January 17, 2012 Joseph Holman of Lilly informed Duer's distributor Richard Cosgrove that Duer's adherence tool discussed in 2010 and 2011 with Defendants was "currently on the back burner for some other projects."

69. This statement was intentionally false and misleading.

70. On August 6, 2013 Joseph Holman of Lilly informed Duer's distributor Richard Cosgrove that Duer's adherence tool discussed in 2010 and 2011 with Defendants was not being considered by Lilly at that time.

71. This statement was intentionally false and misleading.

72. The above-referenced statements were made with intent to deceive Duer into believing that Defendants were not manufacturing and distributing Duer's adherence tool.

73. In fact, the project was being pursued by Defendants. Defendants did manufacture and distribute Duer's adherence tool, accompanied by Duer's image of an adherence tool affixed to a pill bottle and Duer's instruction language.

74. Defendants' further engaged in deceptive conduct by removing from view Duer's patent number from Duer's image of an adherence tool affixed to a pill bottle.

75. Duer relied on Defendants' statement that Defendants were not moving forward with Duer's adherence tool.

76. Had Defendants been truthful with Duer and told Duer that Defendants were manufacturing and distributing Duer's adherence tool and using Duer's images and Duer's instruction language, Duer would have promptly objected to Defendants' conduct and sought relief from the Court if necessary.

77. Because Defendants hid their conduct from Duer, Defendants have gained a significant market presence that Defendants would not have gained had they been truthful with Duer.

78. Duer has been damaged and suffered irreparable harm as a result of Defendants' misrepresentations. Duer has lost sales revenue on products Defendants made themselves instead of purchasing from Duer. Despite owning patent protection, copyright protection and

trade dress protection covering Duer's adherence tool, Duer is not the exclusive provider of her adherence tool in the market, due to Defendants' unlawful conduct.

79. In making misrepresentations to Duer, Defendants' conduct was willful, malicious, fraudulent, and without want of care demonstrating conscious indifference to consequences. Thus, Defendants should be assessed punitive damages.

## COUNT VII

## CONVERSION

80. Duer hereby incorporates by reference the allegations of the preceding paragraphs as if set forth fully herein.

81. By making, using, selling and offering for sale products covered by Duer's patent, products utilizing Duer's trade dress, and by using Duer's copyrighted materials and instruction sheet, Defendants have intentionally and wrongfully exercised dominion, ownership and control over property belonging to Duer.

82. As a result of Defendants' unlawful conversion of Duer's property, Duer has suffered damages in an amount to be determined at trial, but no less than sales revenue received by Defendants as a result of their unlawful conduct.

83. In unlawfully converting Duer's property, Defendants' conduct was willful, malicious, fraudulent, and without want of care demonstrating conscious indifference to consequences. Thus, Defendants should be assessed punitive damages.

## COUNT VIII

## UNJUST ENRICHMENT

84. Duer hereby incorporates by reference the allegations of the preceding paragraphs as if set forth fully herein.

85. Defendants' unlawful conduct has conferred a benefit on Defendants and Defendants have appreciated and retained that benefit.

86. As a result, Defendants have been unjustly enriched and obtained benefits that equitably, justly and in good conscious belong to Duer.

87. Duer has been damaged as a result thereof.

## COUNT IX

## ATTORNEYS' FEES AND LITIGATION COSTS

88. Duer hereby incorporates by reference the allegations of the preceding paragraphs as if set forth fully herein.

89. Defendant has been stubbornly litigious and has caused the Plaintiffs unnecessary trouble and expense.

90. Plaintiffs are entitled to recover their attorney's fees and litigation costs from the Defendant, pursuant to O.C.G.A § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Duer prays for the following relief against Defendants:

A. A judgment that Defendant has directly infringed the '358 Patent; contributorily infringed the '358 Patent; and/or induced infringement of the '358 Patent;

B. An award of all damages recoverable under the laws of the United States and the laws of the State of Georgia in an amount to be proven at trial;

C. An award of treble damages pursuant to 35 U.S.C. § 284 against Defendants as a result of Defendants' willful infringement;

D. A judgment requiring Defendants to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

E. A judgment that Defendants infringed Duer's trade dress infringement;

F. An award of damages and enhanced damages associated with Defendants' infringement of Duer's trade dress;

G. A finding that this is an exceptional case and awarding litigation costs to include reasonable attorney's fees to Duer;

H. A judgment that Defendants engaged in false and misleading advertising;

I. An award of damages and enhanced damages associated with Defendants' false and misleading advertising;

J. A judgment that Defendants engaged in copyright infringement;

K. An award of damages and enhanced damages associated with Defendants' copyright infringement;

L. A judgment that Defendants engaged in unfair competition;

M. An award of damages and enhanced damages associated with Defendants' unfair competition;

N. A judgment that Defendants engaged in fraud;

O. An award of damages associated with Defendants' fraud;

P. A judgment that Defendants engaged in conversion;

Q. An award of damages associated with Defendants' conversion;

R. A judgment that Defendants have been unjustly enriched;

S. An award of damages associated with Defendants' unjust enrichment.

T. Enhanced damages and punitive damages as a result of Defendants' deliberate and wilful unlawful conduct;

U. An injunction prohibiting Defendants from engaging in the unlawful conduct alleged herein;

V. An award to Duer of litigation costs to include reasonable attorney's fees;

W. Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands that all issues so triable be determined by a jury.

Respectfully submitted, this 23rd day of May, 2013.

FLYNN PEELER & PHILLIPS LLC

*/s/Charles E. Peeler*
Charles E. Peeler
Georgia Bar No. 570399
517 West Broad Avenue
PO Box 7 (31702)
Albany, Georgia 31701
Tel: 229-446-4886
Fax: 229-446-4884
cpeeler@fpplaw.com