## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LISA DUER,

*Plaintiff*,

v.

BENSUSSEN DEUTSCH & ASSOCIATES, INC. and ELI LILLY AND COMPANY,

*Defendants*.

CIVIL ACTION FILE

NO. 14-cv-01589-AT

## ELI LILLY AND COMPANY'S
## ANSWER AND COUNTERCLAIMS

Defendant Eli Lilly and Company ("Lilly") hereby responds to plaintiff Lisa Duer's ("Duer's" or "plaintiff's") Complaint as follows.

## NATURE OF THE ACTION

1.     Lilly admits that Duer has filed a Complaint alleging patent infringement, copyright infringement, trade dress infringement, unfair competition, false advertising, fraud, conversion, and unjust enrichment.  Paragraph 1 states legal conclusions to which no response is required and to the extent a response is required, Lilly denies the allegations in paragraph 1.

1

## PARTIES

2.      Lilly lacks sufficient information to form a belief as to the truth of the allegations in paragraph 2, and therefore denies them.

3.      Lilly lacks sufficient information to form a belief as to the truth of the allegations in paragraph 3, and therefore denies them.

4.      Lilly admits that Bensussen Deutsch & Associates ("BDA") is one of its suppliers of branded merchandise.

5.      Admitted.

## JURISDICTION AND VENUE

6.      Paragraph 6 states legal conclusions to which no response is required and to the extent a response is required, Lilly denies the allegations in this paragraph.

7.      Paragraph 7 states legal conclusions to which no response is required and to the extent a response is required, Lilly denies the allegations in this paragraph.

8.      Lilly does not dispute venue solely for the purposes of this case. Paragraph 8 contains legal conclusions to which no response in required and to the extent a response is required, Lilly denies the allegations in this paragraph.

9.     Lilly does not dispute venue solely for the purposes of this case. Paragraph 9 contains legal conclusions to which no response is required and to the extent a response is required, Lilly lacks sufficient information to form a belief as to the truth of the allegations in paragraph 9, and therefore denies them.

10.    Lilly does not dispute personal jurisdiction solely for the purposes of this case.  Paragraph 10 contains legal conclusions to which no required and to the extent a response is required, Lilly denies the allegations in this paragraph.

DUER'S PRODUCT ALLEGATIONS

11.    Lilly lacks sufficient information to form a belief as to the truth of the allegations in paragraph 11, and therefore denies them.

12.    Lilly lacks sufficient information to form a belief as to the truth of the allegations in paragraph 12, and therefore denies them.

13.    Lilly lacks sufficient information to form a belief as to the truth of the allegations in paragraph 13, and therefore denies them.

14.    Lilly admits that Exhibit B to the Complaint appears to be a copy of U.S. Patent No. 7,614,358.  Lilly denies the remaining allegations in paragraph 14.

15.    Lilly denies the allegations in paragraph 15.

16.    Lilly lacks sufficient information to form a belief as to the truth of the allegations in paragraph 16, and therefore denies them.

17.     Lilly admits that Exhibit A and Exhibit C-1 appear to depict a medication reminder device.  Paragraph 17 states legal conclusions for which no response is required and to the extent a response is required, Lilly lacks sufficient information to form a belief as to the truth of the allegations in paragraph 17, and therefore denies them.

18.     Lilly denies the allegations in paragraph 18.

## DUER'S CONTACT ALLEGATIONS

19.     Lilly admits that its employees corresponded with Richard Cosgrove of Anatomed, Inc. regarding a medication reminder device.  Lilly denies the remaining allegations in this paragraph.

20.     Lilly admits that it received materials related to the operation of a medication reminder device from Cosgrove.  Lilly denies the remaining allegations in this paragraph.

21.     Lilly admits that it BDA is an approved supplier for Lilly.  Lilly denies the remaining allegations in paragraph 21.

22.     Lilly lacks sufficient information to form a belief as to the truth of the allegations in paragraph 22, and therefore denies them.

23.     Lilly lacks sufficient information to form a belief as to the truth of the allegations in paragraph 23, and therefore denies them.

24.     Lilly lacks sufficient information to form a belief as to the truth of the allegations in paragraph 24, and therefore denies them.

25.     Lilly denies the allegations in this paragraph.

26.     Lilly denies the allegations in this paragraph.

### THE PRODUCT PURCHASED BY LILLY FROM BDA

27.     Lilly denies the allegations in this paragraph.

28.     Lilly admits that the package inserts depicted at Exhibits D-1 and D-2 to the Complaint appear to be copies of the so-called package inserts associated with the product Lilly purchased from BDA, but otherwise denies the allegations of this paragraph.

29.     Lilly admits that certain materials its employees received from Cosgrove mentioned the '358 patent.  Lilly denies the remaining allegations in this paragraph.

### COUNT ONE

30.     Lilly incorporates its responses in paragraphs 1–29.

31.     Lilly denies the allegations in this paragraph.

32.     Lilly denies the allegations in this paragraph.

33.     Lilly denies the allegations in this paragraph.

34.     Lilly denies the allegations in this paragraph.

35.     Lilly denies the allegations in this paragraph.

## COUNT TWO

36.     Lilly incorporates its responses in paragraphs 1–35.

37.     Lilly admits that the package inserts depicted at Exhibits D-1 and D-2 to the Complaint appear to be copies of the so-called package inserts associated with the product Lilly purchased from BDA, but otherwise denies the allegations of this paragraph.

38.     Lilly denies the allegations in this paragraph.

39.     Lilly denies the allegations in this paragraph.

40.     Paragraph 40 states legal conclusions for which no response is required and to the extent a response is required, Lilly denies the allegations in this paragraph.

41.     Lilly denies the allegations in this paragraph.

42.     Lilly denies the allegations in this paragraph.

43.     Lilly denies the allegations in this paragraph.

## COUNT THREE

44.     Lilly incorporates its responses in paragraphs 1–43.

45.     Lilly denies the allegations in this paragraph.

46.     Lilly denies the allegations in this paragraph.

47.    Lilly denies the allegations in this paragraph.

48.    Lilly denies the allegations in this paragraph.

49.    Lilly denies the allegations in this paragraph.

50.    Lilly denies the allegations in this paragraph.

**COUNT FOUR**

51.    Lilly incorporates its responses in paragraphs 1–50.

52.    Lilly admits that the so-called package inserts associated with the product Lilly purchased from BDA includes the image of a medication reminder device affixed to a pill bottle.  Lilly admits that the package insert depicted at Exhibit D-2 to the Complaint purports to be a copy of the so-called package inserts associated with the product Lilly purchased from BDA, but otherwise denies the allegations of this paragraph.

53.    Lilly admits that pursuant to FDA regulations the image of a medication reminder device is placed near the statement "Distributed by BDA, Bensussen Deutsch & Assoc., Inc. Woodinville, Washington 98022, (425) 492-6111."

54.    Lilly denies the allegations in this paragraph.

55.    Lilly denies the allegations in this paragraph.

56.    Lilly denies the allegations in this paragraph.

57.    Lilly denies the allegations in this paragraph.

58.    Lilly denies the allegations in this paragraph.

59.    Lilly denies the allegations in this paragraph.

## COUNT FIVE

60.    Lilly incorporates its responses in paragraphs 1–59.

61.    Lilly denies the allegations in this paragraph.

62.    Lilly denies the allegations in this paragraph.

63.    Lilly denies the allegations in this paragraph.

64.    Lilly denies the allegations in this paragraph.

## COUNT SIX

65.    Lilly incorporates its responses in paragraphs 1–64.

66.    Lilly admits that its employee Mr. Zuniga corresponded with Cosgrove.  Lilly denies the remaining allegations of this paragraph.

67.    Lilly denies the allegations in this paragraph.

68.    Lilly admits that on January 17, 2012, its employee Mr. Holman sent Cosgrove an email message containing the language "currently on the back burner for some other projects."  Lilly denies the remaining allegations of this paragraph.

69.    Lilly denies the allegations in this paragraph.

70.     Lilly admits that on August 6, 2013, its employee Mr. Holman corresponded with Cosgrove via email.  Lilly denies the remaining allegations of this paragraph.

71.     Lilly denies the allegations in this paragraph.

72.     Lilly denies the allegations in this paragraph.

73.     Lilly denies the allegations in this paragraph.

74.     Lilly denies the allegations in this paragraph.

75.     Lilly lacks sufficient information to form a belief as to the truth of the allegations in paragraph 75, and therefore denies the allegations in this paragraph.

76.     Lilly lacks sufficient information to form a belief as to the truth of the allegations in paragraph 76, and therefore denies the allegations in this paragraph.

77.     Lilly lacks sufficient information to form a belief as to the truth of allegations in paragraph 77, and therefore denies the allegations in this paragraph.

78.     Lilly denies the allegations in this paragraph.

79.     Lilly denies the allegations in this paragraph.

## COUNT SEVEN

80.     Lilly incorporates its responses in paragraphs 1–79.

81.     Lilly denies the allegations in this paragraph.

82.     Lilly denies the allegations in this paragraph.

83.     Lilly denies the allegations in this paragraph.

## COUNT EIGHT

84.     Lilly incorporates its responses in paragraphs 1–83.

85.     Lilly denies the allegations in this paragraph.

86.     Lilly denies the allegations in this paragraph.

87.     Lilly denies the allegations in this paragraph.

## COUNT NINE

88.     Lilly incorporates its responses in paragraphs 1–87.

89.     Lilly denies the allegations in this paragraph.

90.     Lilly denies the allegations in this paragraph.

## RELIEF SOUGHT

Lilly denies that plaintiff is entitled to the relief requested in paragraphs A–W of the Complaint and further denies that plaintiff is entitled to any relief at all.

## DEFENSES

Without any admission as to the burdens of proof or as to any of the allegations in plaintiff's Complaint, Lilly states the following:

## FIRST DEFENSE
### (No infringement of the '358 patent)

1.     The importation, manufacture, use, offer for sale, and/or selling of the accused device would not infringe any valid claim of the '358 patent.

10

2.     The importation, manufacture, use offer for sale, and/or selling of the accused device cannot be considered willful infringement at least because the '358 patent is not infringed, is unenforceable for inequitable conduct (as described fully, below) and because the '358 patent is invalid.

### SECOND DEFENSE
### (Failure to state a claim upon which relief can be granted)

3.     The Complaint's allegations of patent infringement fail to state a claim for which relief may be granted.

### THIRD DEFENSE
### (Failure to state a claim of indirect infringement of the '358 patent)

4.     Duer's Complaint fails to state a claim for indirect patent infringement at least because there is no direct infringement and also because the Complaint fails to state a claim for indirect infringement.

### FOURTH DEFENSE
### (Unenforceability of the '358 patent)

5.     Upon information and belief, Duer's asserted patent, the '358 patent, is unenforceable due to inequitable conduct committed by Duer and by her patent agent George "Ron" Reardon.  Upon information and belief, Duer and Reardon both knew that Ravi Navare contributed to the conception of at least one claim of the '358 patent.  Upon information and belief, Duer and Reardon omitted Navare from the patent application to the United States Patent and Trademark Office

("USPTO") with the intent to deceive the USPTO into granting the '358 patent with incorrect inventorship.  Upon information and belief, Duer and Reardon omitted Navare in order to deny Navare any credit for, or benefit from, his inventive contribution.

6.      Upon information and belief, Navare is the Chief Executive Officer of Classic Plastics, Inc., which is a developer and supplier of molds and plastic parts to the manufacturing sector.  Upon information and belief, Navare is an expert in product design and plastics, and is an inventor on several utility and design patents and published utility patent applications.  (*See* Declaration of Ravi Y. Navare ¶¶ 1–4, attached as Exhibit 1.)

7.      Upon information and belief, on or about April 2, 2006, Duer attended a monthly meeting of the Inventor Associates of Georgia, Inc.  Upon information and belief, Duer went to the meeting with a general idea for a product to remind patients whether or not they had taken their medication.  Upon information and belief, Duer had no detailed design or any specific ideas about how to make her basic idea work.  Upon information and belief, Duer had no knowledge of plastics or the development and manufacture of plastics products at that time.  Upon information and belief, Duer did not know how to arrange or construct a product to embody her general idea.  (Ex. 1 ¶ 5.)

8.     Upon information and belief, Duer met Navare at the inventor meeting and both Duer and Navare agreed to work together to come up with and develop a patentable reminder device invention.  Upon information and belief, Duer and Navare agreed to share costs on an equal basis.  (Ex. 1 ¶¶ 5–6, 10, 15–16.)

9.     Upon information and belief, initially, in April 2006, Duer and Navare discussed how to create a structure that would be placed on top of a bottle of pills and could function as a reminder.  Upon information and belief, Duer and Navare jointly conceived of a device with a number of open grooves and toggles that could be held in one of two distinctive positions so that a user could slide each toggle to the opposing groove position after each use of the medication, letting the user record pill consumption.  (Ex. 1 ¶¶ 7–9.)

10.    Upon information and belief, Navare generated all of the sketches, computer models, and prototypes of the reminder device that sits on the cap of a bottle of pills.  Upon information and belief, during this process Navare offered his advice on changes to the structure in order to improve function and facilitate manufacture.  (Ex. 1 ¶¶ 11–12.)

11.    Upon information and belief, during development of the device that sits on the cap of a bottle of pills, Navare suggested designing a similar device that

could be placed on the side of a bottle of pills.  Upon information and belief, on or about September 2, 2006, Navare drew a sketch of his idea for a side embodiment of a reminder device.  (Ex. 1 ¶¶ 13, 17.)

12.    Upon information and belief, in August and September 2006, Duer and Navare jointly approached two patent agents in order to explore submitting a patent application.  Upon information and belief, Duer and Navare held themselves out as joint inventors to the patent agents and discussed filing a patent application together.  Upon information and belief, both patent agents quoted prices to Duer and Navare that were divided equally among the two of them.  (Ex. 1 ¶¶ 14–16; *see* Declaration of Harry I. Leon ¶¶ 2–3, attached as Exhibit 2.)

13.    Upon information and belief, Duer and Navare first approached patent agent Reardon on or before August 14, 2006.  Upon information and belief, Duer and Navare discussed both the bottle-top and side embodiments of the reminder device.  Thus, upon information and belief, Reardon knew that Duer and Navare were joint inventors for both the bottle-top and side versions of the reminder device.  (Ex. 1 ¶ 14.)

14.    Upon information and belief, Duer and Navare approached patent agent Harry Leon on or about August 27, 2006, and September 2, 2006.  Upon information and belief, Duer and Navare discussed both the bottle-top embodiment

and the side embodiment of the reminder device.  Upon information and belief, at the time, Navare had sketches, computer models, and prototypes of the bottle-top embodiment and had conceptual sketches of the side embodiment.  (Ex. 1 ¶¶ 16–17.)

15.     Upon information and belief, during discussions with Leon on or about September 2, 2006, Navare provided conceptual sketches of the side embodiment to Leon.  (Ex. 2 ¶ 4.)  Upon information and belief, Duer did not provide any drawings, sketches, or invention disclosure documents to Leon.

16.     Upon information and belief, Leon advised Duer and Navare to file a first patent application for the bottle-top reminder device.  Upon information and belief, Duer and Navare divided the cost of the application evenly.  Upon information and belief, Leon prepared the patent application for the bottle-top device and filed it on January 11, 2007, as U.S. Appl. No. 11/652,420.  (Ex. 1 ¶¶ 16–17; Ex. 2 ¶¶ 2–3.)  The application published as U.S. Pub. No. 2008/0168940 on July 17, 2008.

17.     Upon information and belief, Duer and Navare continued to work together in 2006 and 2007 to create a side version of the reminder device.  (Ex. 1 ¶¶ 18, 20, 23.)

15

18.     Upon information and belief, to make the reminder device compatible with the side of a medicine vial, Navare conceived of making the front plate, the plurality of slide assemblies, and the back plate curved.  (Ex. 1 ¶ 18.)

19.     Upon information and belief, to make the slides lock in position, Navare conceived of the concepts of having a slide gate, a slide gate cavity, and a plurality of key holes in the bottom side of the front plate, and giving each slide assembly a complementary slide base, a slide base lock, and a slide base channel. (Ex. 1 ¶ 19.)

20.     Upon information and belief, Navare generated all of the sketches, computer models, and prototypes of the reminder device that sits on the side of a bottle of pills.  (*See* Ex. 1 ¶ 20.)

21.     Upon information and belief, in October 2006 Duer and Navare began working with Thomas Dollnig, a marketing expert.  (Ex. 1 ¶ 22; Declaration of Thomas Dollnig ¶¶ 1, 3, attached as Exhibit 3.)  Upon information and belief, Dollnig observed Duer and Navare working together to create a side embodiment of the reminder device.  (Ex. 3 ¶¶ 4–5.)

22.     Upon information and belief, in May 2007 Duer became frustrated with the development of the side embodiment of the reminder device.  Upon information and belief, on May 12, 2007, Duer emailed Dollnig and told him that

she was interested in commercializing the reminder device product without

Navare.  Upon information and belief, to that end Duer stated that she was

exploring options to exclude Navare from having "half rights" over the invention.

(Ex. 3 ¶ 8.)

23.     Upon information and belief, sometime in 2007 Duer began secretly

working with Reardon to file a new patent application in Duer's name only for the

side embodiment of the reminder device.

24.     Upon information and belief, Reardon filed a patent application in

Duer's name alone on September 9, 2007.  The drawings submitted by Duer and

Reardon in the patent application are nearly identical to Navare's drawings of his

ideas for side embodiments.  The patent application in Duer's name alone

eventually issued as the '358 patent.  (Ex. 1 ¶¶ 25–27.)

25.     Upon information and belief, Reardon was later excluded on consent

from practice before the USPTO.  Upon information and belief, Reardon

voluntarily submitted an affidavit that acknowledged that Director of the USPTO's

Office of Enrollment and Discipline was of the opinion that his conduct violated a

number of disciplinary rules.

26.     Upon information and belief, the claims of the '358 patent, including

independent claim 1, recite elements conceived, alone or in part, by Navare.

27.     Upon information and belief, Duer knew at the time of the filing and prosecution of the application that Navare was an inventor of the subject matter claimed by the '358 patent.  Upon information and belief, Duer knew at the time the patent issued that Navare was an inventor of the subject matter claimed by the '358 patent.  Upon information and belief, Duer knew at the time she filed this lawsuit that Navare was an inventor of the subject matter claimed by the '358 patent.

28.     Upon information and belief, Duer intentionally omitted Navare from the application that issued as the '358 patent.

29.     Upon information and belief, Duer omitted Navare with intent to deceive the USPTO into issuing the '358 patent with incorrect sole inventorship by Duer.

30.     Upon information and belief, Duer omitted Navare in order to deny Navare any credit for, or benefit from, his inventive contribution.

31.     Correct inventorship is per se material to patentability.

32.     Upon information and belief, the '358 patent is unenforceable because of Duer's inequitable conduct.

33.     Upon information and belief, Reardon knew at the time of the filing and prosecution of the application that Navare was an inventor of the subject

18

matter claimed by the '358 patent.  Upon information and belief, Reardon knew at the time the patent issued that Navare was an inventor of the subject matter claimed by the '358 patent.

34.     Upon information and belief, Reardon intentionally omitted Navare from the application that issued as the '358 patent.

35.     Upon information and belief, Reardon omitted Navare with intent to deceive the USPTO into issuing the '358 patent with incorrect sole inventorship by Duer.

36.     Upon information and belief, Reardon omitted Navare in order to deny Navare any credit for, or benefit from, his inventive contribution.

37.     Correct inventorship is per se material to patentability.

38.     Upon information and belief, the '358 patent is unenforceable because of Reardon's inequitable conduct.

### FIFTH DEFENSE
### (Invalidity of the '358 patent)

39.     The claims of the '358 patent are invalid for failure to meet one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

40.     The '358 patent is invalid at least under 35 U.S.C. § 102(f) for incorrect inventorship because Duer did not invent the subject matter sought to be patented in the '358 patent.  Upon information and belief, Ravi Navare is a true

and correct co-inventor of the subject matter disclosed and claimed in the '358 patent but was excluded by Duer and Reardon.  The allegations of incorrect inventorship are described in detail above in paragraphs 5-38.

## SIXTH DEFENSE
### (No standing to assert infringement of the '358 patent)

41.     The '358 patent omits Navare as a co-inventor.

42.     Duer does not have Navare's consent to assert the '358 patent against BDA or Lilly (collectively, "Defendants").

43.     Absent the voluntary joinder of Navare, Duer lacks standing to assert that Defendants infringed the '358 patent.

## SEVENTH DEFENSE
### (Patent Misuse)

44.     Upon information and belief, Duer knows that the '358 patent is invalid or otherwise unenforceable.  The allegations of incorrect inventorship and inequitable conduct are described in detail above in paragraphs 5-38.

45.     Duer is asserting the invalid or otherwise unenforceable '358 patent to preclude competition.

46.     Duer's assertion of the '358 patent is barred by the patent misuse doctrine.

**EIGHTH DEFENSE**
**(Express license)**

47.     Upon information and belief, Navare is a co-inventor of the '358 patent.  The allegations of incorrect inventorship are described in detail above in paragraphs 5-38.

48.     Upon information and belief, Navare has granted BDA an exclusive patent license to make, use, and sell the products purchased from BDA by Lilly.

**NINTH DEFENSE**
**(No standing to assert copyright infringement)**

49.     Duer lacks standing to assert copyright infringement against Defendants.

50.     Upon information and belief, Duer does not own the exclusive rights to any protectable copyright interest.

**TENTH DEFENSE**
**(Failure to state a claim of copyright infringement)**

51.     Duer's allegations of copyright infringement fail to state a claim on which relief can be granted.

52.     Duer does not own the exclusive rights to any protectable copyright interest.

**ELEVENTH DEFENSE**
**(No inherent distinctiveness or secondary meaning)**

53.     The Complaint fails to state a claim for trade dress infringement on which relief can be granted.

54.     The alleged trade dress is neither inherently distinctive nor has acquired secondary meaning.

55.     The alleged trade dress is functional.

**TWELFTH DEFENSE**
**(Unclean hands)**

56.     Duer's claims of patent infringement, trade dress infringement, and copyright infringement are barred by the doctrine of unclean hands.

**THIRTEENTH DEFENSE**
**(No deceptive statement or material statement)**

57.     The Complaint fails to state a claim for false advertising on which relief can be granted.

58.     Lilly made no demonstrably false statements.

59.     Lilly made no material statement that would influence any purchasing decision by consumers.

## FOURTEENTH DEFENSE
### (Failure to state a claim for unfair competition)

60.     The Complaint fails to state a claim for common-law unfair

competition on which relief can be granted.

61.     Lilly made no material statement that would be likely to cause

confusion, deception, and/or mistake as to the affiliation of Lilly with Duer.

## FIFTEENTH DEFENSE
### (Failure to state a claim for fraud)

62.     The Complaint fails to state a claim for fraud on which relief can be

granted.

63.     Lilly made no demonstrably false statements and there was no

reasonable reliance by Duer on any statements made by Lilly.

64.     The Complaint fails to state a claim for fraud with the particularity the

circumstances allegedly constituting fraud as required by Federal Rule 9(b) and

related authority.

## SIXTEENTH DEFENSE
### (No claim for conversion can be made)

65.     The claim of conversion in the Complaint is pre-empted by Federal

Patent, Copyright, and Trade Dress Law.

66.     The Complaint fails to state a claim for conversion on which relief can

be granted.

## SEVENTEENTH DEFENSE
### (No claim for unjust enrichment can be made)

67.    The claim of unjust enrichment in the Complaint is pre-empted by

Federal Patent, Copyright, and Trade Dress Law.

68.    The Complaint fails to state a claim for unjust enrichment on which

relief can be granted.

69.    Duer has no equitable right to benefit from any action taken by Lilly.

## EIGHTEENTH DEFENSE
### (No bad faith or stubborn litigation)

70.    An award of litigation expenses is prohibited under OCGA § 13-6-11,

when a bona fide controversy exists between the parties.  The '358 patent is not

infringed by the accused device, the '358 patent is invalid, the '358 patent is

unenforceable as fraudulently obtained, the plaintiff lacks protectable trade dress,

the plaintiff has failed to state a claim for unfair competition, has no protectable

copyright, and failed to state claims for fraud or conversion and, therefore, BDA

has bona fide defenses to the Complaint.

## COUNTERCLAIMS

Lilly hereby asserts counterclaims against Lisa Duer ("Duer" or

"counterclaim defendant") as follows:

1.     This is a counterclaim for a declaratory judgment of patent non-infringement, unenforceability, and invalidity of U.S. Patent Nos. 7,614,358 ("the '358 patent") pursuant to the patent laws, 35 U.S.C. §§ 1 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.  Lilly also asserts the following counterclaims against Duer: declaration of noninfringement of the '358 patent; declaration of no induced infringement of the '358 patent; declaration of unenforceability of the '358 patent; declaration of invalidity of the '358 patent; declaration of no protectable trade dress; declaration that this is an exceptional case, and attorney's fees.

## PARTIES

2.     Lilly is a corporation organized and existing under the laws of the State of Indiana with its principal place of business located at Lilly Corporate Center, Indianapolis, Indiana 46285.

3.     On information and belief, and based on Duer's complaint, Duer is an individual residing in Woodstock, Georgia, which is within the Atlanta Division of the Northern District of Georgia.

## JURISDICTION AND VENUE

4.     The Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5.      The Court has personal jurisdiction over Duer based on her contacts with the Northern District of Georgia relating to the subject matter of this action, including having filed this suit.

6.      Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

7.      The '358 patent is titled "Method and Device for Recording Periodic Medicinal Dosages," and on information and belief, and based on Duer's Complaint, was issued on November 10, 2009.

8.      Upon information and belief, and based on Duer's Complaint, Duer purports to be the owner of the '358 patent.

9.      A case of actual controversy exists as to the infringement and validity of the '358 patent because Duer has brought this action alleging that Lilly imports, makes, uses, offers for sale, and/or sells products and devices which infringe the '358 patent, and Lilly has denied infringement and alleges that the claims of the patents are invalid to the extent that they cover the importation, manufacture, use, offer for sale, or sale of those products or devices.

10.     A case of actual controversy exists as to the infringement and validity of Duer's copyrights because Duer has brought this action alleging that Lilly infringed Duer's copyrights, and Lilly has denied infringement.

11.     A case of actual controversy exists as to the infringement and validity of Duer's trade dress rights because Duer has brought this action alleging that Lilly infringes Duer's trade dress, and Lilly has denied infringement.

## COUNT I
### (Declaration of Noninfringement of the '358 Patent)

12.     Lilly repeats and realleges paragraphs 1-11 of its Counterclaims above.

13.     Lilly does not infringe any valid, enforceable claim of the '358 patent, either directly or indirectly, literally or under the doctrine of equivalents.

14.     The commercial manufacture, use, importation, offer for sale, or sale of the medication reminder device Lilly has purchased from BDA does not infringe any valid and enforceable claim of the '358 patent, either directly or indirectly, literally or under the doctrine of equivalents.

15.     A definite and concrete, real and substantial, justiciable controversy exists between Lilly and Duer, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement of the '358 patent

16.     Lilly seeks a declaratory judgment that the '358 patent is not infringed.

## COUNT II
### (Declaration of No Induced Infringement of the '358 Patent)

17.  Lilly repeats and realleges paragraphs 1-16 of its Counterclaim above.

18.  Lilly has not induced infringement of any valid or enforceable claim of the '358 patent either literally or under the doctrine of equivalents.

19.  A definite and concrete, real and substantial, justiciable controversy exists between Lilly and Duer, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of no inducement of infringement by Lilly of the '358 patent.

20.  Lilly seeks a declaratory judgment that Lilly has not induced infringement of the '358 patent.

## COUNT III
### (Declaration of Unenforceability of the '358 Patent)

21.  Lilly repeats and realleges paragraphs 1-20 of its Counterclaim and paragraphs 5-38 of its Defenses above.

22.  A definite and concrete, real and substantial, justiciable controversy exists between Lilly and Duer, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of unenforceability of the '358 patent.

23.     The acts, omissions, and misrepresentations that form the basis of the inequitable conduct by Duer and George "Ron" Reardon, the patent agent who submitted the patent application that lead to the '358 patent, is described in detail above in paragraphs 5-38 of Lilly's Defenses, and those allegations are fully incorporated herein by reference.

24.     Upon information and belief, the '358 patent is unenforceable because of inequitable conduct committed before the U.S. Patent and Trademark Office ("USPTO") during the prosecution of the '358 patent.  The acts, omissions, and misrepresentations that form the basis of the inequitable conduct by Duer and George "Ron" Reardon, the patent agent that submitted the patent application that led to the '358 patent, was with intent to deceive the USPTO as to the proper inventorship of the patent.

25.     Lilly seeks a declaratory judgment that the '358 patent is unenforceable.

### COUNT IV
### (Declaration of Invalidity of the '358 Patent)

26.     Lilly repeats and realleges paragraphs 1-25 of its Counterclaim above.

27.     A definite and concrete, real and substantial, justiciable controversy exists between Lilly and Duer, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of invalidity of the '358 patent.

28.     Lilly seeks a declaration that the claims of the '358 patent are invalid

for failure to meet one or more of the requirements of 35 U.S.C. §§ 101, 102, 103

and/or 112.

## COUNT V
### (Declaration of No Protectable Trade Dress)

29.     Lilly repeats and realleges paragraphs 1-29 of its Counterclaim above.

30.     Upon information and belief, the purported Duer product has not

acquired distinctiveness or secondary meaning in the market place.

31.     Duer's purported product has no trade dress because any alleged look

or feel of the product is functional.

32.     A definite and concrete, real and substantial, justiciable controversy

exists between Lilly and Duer, which is of sufficient immediacy and reality to

warrant the issuance of a declaratory judgment that the purported Duer product has

no secondary meaning and has not acquired distinctiveness thereby precluding

Duer's claims for trade dress infringement.

33.     Lilly is entitled to a declaratory judgment that the purported Duer

product has no secondary meaning, has not acquired distinctiveness, is functional,

and has no protectable trade dress.

## COUNT VI
### (Declaration of Exceptional Case)

34.     Lilly repeats and realleges paragraphs 1-33 of its Counterclaim above.

35.     The Complaint is baseless and/or was brought in subjective bad faith in violation of at least of 35 U.S.C. § 285.

36.     The Complaint asserts a patent obtained, upon information and belief, through inequitable conduct.

37.     The counterclaim defendant has no standing to assert the '358 patent.

38.     A definite and concrete, real and substantial, justiciable controversy exists between Lilly and Duer, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that this is an exceptional case.

39.     Lilly is entitled to a declaratory judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and award Lilly its attorney fees and costs for defending it.

## COUNT VII
### (Bad Faith and Stubborn Litigation)

40.     Lilly repeats and realleges paragraphs 1-39 of its Counterclaim above.

41.     Duer knowingly excluded Navare from being named as a co-inventor of the '358 patent and fraudulently obtained that patent from the USPTO, as

described in detail above.  Duer then asserted a patent she knew or should have known to be invalid and unenforceable against Lilly in this case.

42.    Duer's purported product includes no protectable trade dress and Duer has no protectable copyright associated with the alleged Duer product.

43.    There is no bona fide dispute between Duer and Lilly in this case as it was brought in bad faith in an effort to exact an unlawful financial benefit from Lilly.

44.    A definite and concrete, real and substantial, justiciable controversy exists between Lilly and Duer, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that the Complaint was filed in bad faith and amounts only to stubborn litigation.

45.    Lilly is entitled to a declaratory judgment that the Complaint was filed in bad faith and amounts only to stubborn litigation and therefore Lilly is entitled to the costs of its litigation expenses pursuant to OCGA § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, defendant Lilly requests the following relief:

A.    A judgment declaring that Lilly's importation, manufacture, use, sale, offer for sale, or sale of the accused products would not infringe any valid claim of the '358 patent;

B.      A judgment declaring invalid all claims of the '358 patent;

C.      A judgment declaring unenforceable all claims of the '358 patent;

D.      A judgment declaring that this case be deemed exceptional under 35 U.S.C. § 285;

E.      A judgment declaring Duer's Product has no protectable trade dress;

F.      A judgment declaring Duer has no protectable copyright;

G.      A judgment declaring that Lilly has not engaged in unfair competition;

H.      A judgment declaring that Lilly has not committed fraud;

I.      A judgment dismissing with prejudice Plaintiffs conversion and unjust enrichment claims;

J.      A judgment declaring that Lilly has not converted any property of Plaintiff's and that Lilly has not been unjustly enriched;

K.      A judgment declaring that Lilly is entitled to all of its litigation expenses pursuant to OCGA § 13-6-11;

L.      Attorneys' fees and costs of suit; and

M.      Such other relief as the Court may decide is just and proper.

Dated: July 21, 2014

Respectfully submitted,

  /s/ Virginia L. Carron
Virginia L. Carron
Georgia Bar No. 112,770
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
3200 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia 30308
Telephone: (404) 653-6400
Facsimile:  (404) 653-6444

Attorneys for Defendant Eli Lilly
and Company

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2014, I electronically filed the foregoing Eli Lilly and Company's Answer and Counterclaims with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Charles E. Peeler
> Flynn Peeler & Phillips, LLC
> P.O. Box 7
> 517 West Broad Avenue
> Albany, GA 31702
> 229-446-4886
> Fax: 229-446-4884
> Email: cpeeler@fpplaw.com

Dated: July 21, 2014

Respectfully submitted,

  /s/ Virginia L. Carron
Virginia L. Carron
Georgia Bar No. 112,770
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
3200 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia 30308
Telephone: (404) 653-6400
Facsimile:  (404) 653-6444

Attorneys for Defendant Eli Lilly and Company