**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| LISA DUER | ) | CIVIL ACTION FILE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:14-cv-01589-ELR |
| BENSUSSEN DEUTSCH & | ) | |
| ASSOCIATES, INC.; and ELI LILLY | ) | |
| AND COMPANY; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **JURY TRIAL DEMANDED** |

---

**THIRD AMENDED COMPLAINT**

Plaintiff LISA DUER ("Duer") files this Third Amended Complaint for patent infringement, copyright infringement, trade dress infringement, trademark infringement, and attorneys' fees against Defendants Bensussen Deutsch & Associates, Inc. ("BDA") and Eli Lilly and Company ("Lilly") (individually and collectively "Defendants"), respectfully showing the Court as follows:

**NATURE OF THE ACTION**

1.     This is an action for patent infringement, copyright infringement, trade dress infringement, trademark infringement and attorneys' fees arising out of Defendants' unlawful infringement of a patented medicine dosage adherence tool owned by Duer, Defendants' unlawful copying of certain copyrights and trade dress associated with Duer's

product, and Defendants' unlawful infringement of Duer's trademark Take-n-Slide.  Duer has suffered damages and irreparable harm as a result of Defendants' unlawful conduct.

## PARTIES

2.     Plaintiff Duer is an individual residing in Woodstock, Georgia which is within the U.S. judicial district for the Northern District of Georgia, Atlanta Division.

3.     On information and belief, BDA is a corporation organized and existing under the laws of the State of Washington, with a principal place of business at 15525 Woodinville-Redmond Road, NE, Woodinville, Washington 98072.  BDA maintains offices within the Northern District of Georgia, conducts business throughout the Northern District of Georgia, maintains a registered agent at CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361 and is subject to service of process at that address.

4.     On information and belief, BDA is a supplier of branded merchandise for Lilly.

5.     On information and belief, Lilly is a corporation organized and existing under the laws of the State of Indiana, with a principal place of business at Lilly Corporate Center, Indianapolis, Indiana 46285.  Lilly maintains offices within the Northern District of Georgia, conducts business throughout the Northern District of Georgia, maintains a registered agent for service of process at National Registered Agents, Inc., Suite 1240, 1201 Peachtree Street, NE, Atlanta, Georgia 30361 and is subject to service of process at that address.

## JURISDICTION AND VENUE

6.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*., copyright infringement, trade dress infringement, and trademark infringement.

7.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b).

8.     Venue is proper in this judicial district because Defendants are corporations subject to personal jurisdiction in this judicial district, 28 U.S.C. §§ 1391(b)-(c) and 1400.

9.     Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district, and a substantial part of property that is the subject of the action, namely Duer's dosage adherence tool product, package inserts, patent rights, copyrights, trademark, and trade dress rights are situated in this judicial district.

10.     Defendants are subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Georgia Long Arm Statute, due at least to its substantial business in this forum, including: (1) the presence of established distribution channels in this forum; and (2) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Georgia and in this judicial district.

## DUER'S PRODUCT AND INTELLECTUAL PROPERTY

11.     Duer is in the business of designing, developing, manufacturing, marketing, and selling medicine dosage adherence tools suitable for affixing to pill bottles.  A true and correct image of Duer's product is attached hereto as Exhibit A.

12.     Duer's product is comprised of seven slides, each representing a day of the week. When a person takes a pill on Monday, the person moves the Monday slide from green to red.  When a person takes a pill on Tuesday, the person moves the Tuesday slide from green to red, etc.  This assists a person in remembering whether the person took his or her medicine on a given day.

13.     Duer markets her product under the trademark "Take-n-Slide" and similar variations thereof.  Duer has sold hundreds of thousands of her Take-n-Slide products.  Duer has been using her trademarks on or in connection with her dosage adherence tool since at least as early as March 2007.

14.     Since March 2007, Duer has established extensive common law rights to her trademarks.  Duer is the owner of all right, title and interest in the trademark "Take-n-Slide" and similar variations thereof.

15.     Over time, Duer has invested and continues to invest tremendous time, energy and money promoting her trademarks and dosage adherence tool product identified by her trademarks.  As a result, Duer's trademarks have become distinctive and acquired a favorable

reputation in the market as an identifying symbol of services offered by Duer and her distributor and the goodwill associated therewith.

16.    U.S. Patent Number 7,614,358, entitled "Method and Device for Recording Periodic Medicinal Dosages," was duly and legally issued to Duer on November 10, 2009 by the U.S. Patent and Trademark Office (the '358 Patent).  A true and correct copy of the '358 Patent is attached hereto as Exhibit B.

17.    Duer is the owner of the entire right, title, and interest in the '358 Patent including all rights necessary to prosecute this case and collect all damages and equitable remedies past, present and future, resulting from Defendants' infringement.

18.    Duer is also the owner of all right, title and interest in copyrights associated with a package insert sheet that is packaged with Duer's product.  On the front of the package insert sheet is an image of Duer's product attached to a pill bottle, the words "your logo here" and "U.S. Patent No. 7,614,358".  On the back of the package insert sheet are instructions to use Duer's product.  A true and correct copy of the front and back of Duer's package insert sheet is attached hereto as Exhibit C-1 and C-2.  Duer's package insert is reflected at copyright registration number VA0001911109, VA0001431705.

19.    Duer's Take-n-Slide consists of an inherently distinctive combination of design, size, shape and color scheme.  Duer's Take-n-Slide is rectangular in shape with the days of the week organized vertically down the left side of the product.  Seven slides corresponding

- 5 -

to the seven days of the week are organized vertically down the middle of the product. When a person takes medicine on a given day, the person moves the slide corresponding to that day from left to right.  When the slide is moved, a different color appears next to the slide.  In Duer's Take-n-Slide, the color green is visible when the slide is in the left position, and the color red is visible when the slide is in the right position.  See Exhibit A and C-1.

20.    Duer's trade dress has become well known to the consuming public as being associated or originating from a single source, namely Duer.

### DUER'S CONTACT WITH DEFENDANTS

21.    During 2010 – 2011 Duer, through her distributor Richard Cosgrove of Anatomed, Inc., had significant discussions with Lilly and BDA regarding the purchase of Duer's Take-n-Slide by Defendants.

22.    As part of those discussions, Duer provided Defendants with sample products, images of products, and instruction sheets related to the operation of Duer's product.

23.    As part of those discussions, Lilly informed Duer that, rather than purchase products directly from Duer or Anatomed, Lilly wanted Duer to sell her product to BDA because BDA was already a Lilly approved supplier.  BDA would, in turn, sell Duer's product to Lilly.

24.     In June 2011, BDA sent Anatomed a supplier agreement seeking to formalize an arrangement where BDA would purchase Duer's product through Anatomed for resale to Lilly.

25.     The supplier agreement contained some terms that were objectionable to Duer. One example of an objectionable term was BDA's requirement prohibiting Duer from selling Take-n-Slide products directly to any BDA customer for two years after expiration of supplier agreement.

26.     Shortly after Anatomed informed BDA of Duer's objection to the two year nonsolicitation language in BDA's proposed supplier agreement, in late June/early July 2011 Lilly and BDA abruptly ended discussions to purchase Duer's Take-n-Slide product.

27.     When Anatomed inquired as to why the discussions ended, Defendants simply responded that Lilly decided not to move forward with Duer's product.

28.      In or about September 2013, Duer became aware that Defendants had indeed moved forward with Duer's product, albeit without Duer's knowledge or permission. Specifically, Defendants copied Duer's product, copied Duer's package insert sheet, removed Duer's patent number from Duer's package insert sheet and distributed these items to Defendants' customers.

29.     Duer became aware that Defendants had begun manufacturing, advertising, selling and distributing a dosage adherence tool when one of Defendants' customers

mistakenly contacted Plaintiff after falsely believing the product the customer had received from Defendants was actually Plaintiff's product.

30.     Since the filing of this lawsuit, Duer has been contacted by yet another of Defendants' customers who mistakenly believed that the product the customer has received from Defendants was actually Plaintiff's product.

## ACCUSED PRODUCTS

31.     Defendants have imported, made, used, offered for sale and/or sold certain products that embody one or more claims of the '358 Patent, including a medicine dosage adherence tool pictured in Exhibit D-1 (the "Accused Product").

32.     Defendants have, without permission, copied substantial portions of Duer's package insert sheet and enclosed Defendants' package insert sheet with the Accused Product for distribution to customers.  For example, Defendants copied the image of an adherence tool affixed to a pill bottle from Duer's package insert sheet, removed the patent number from Duer's package insert sheet, and copied Duer's product use instructions from Duer's package insert sheet.  On information and belief, a true and correct copy of the front and back of Defendants' package insert sheet is attached hereto as Exhibits D-1 and D-2.

33.     Defendants have, without permission, used Plaintiff's Take-n-Slide trademark, and similar variations thereof, without permission from Plaintiff.

34.     Defendants' use of Plaintiff's trademark, and similar variations thereof, is likely to cause confusion and has caused actual confusion in the marketplace by suggesting a false affiliation, connection, sponsorship and/or association with Plaintiff.

## DEFENDANTS' NOTICE

35.     Defendants have had actual and constructive notice of the '358 Patent since at least as early as 2010.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,614,358

36.     Duer restates and realleges the allegations set forth in the foregoing paragraphs of this Complaint and incorporates them by reference.

37.     Without a license or permission from Duer, Defendants infringed one or more claims of the '358 Patent, directly, contributorily, through equivalents, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Accused Products pictured in Exhibits D-1, in violation of 35 U.S.C. § 271.

38.     Defendants directly contributed and induced infringement through supplying infringing products to customers.  Defendants' customers who purchased products and/or used products in accordance with Defendants' instructions directly infringe one or more claims of the '358 Patent, in violation of 35 U.S.C. § 271.

39.     On information and belief, Defendants have indirectly infringed and continue to indirectly infringe the '358 Patent by actively inducing direct infringement by other persons -- specifically, Defendants' customers -- who use products covered by one or more of the claims of the '358 Patent when Defendants had knowledge of the '358 Patent and knew or should have known that their actions would induce direct infringement by others and intended that their actions would induce direct infringement by others.

40.     The acts of infringement of the '358 Patent by Defendants have caused damage to Duer and Duer is entitled to recover from Defendants the damages sustained by Duer as a result of the wrongful acts of Defendants in an amount subject to proof at trial.

41.     Defendants have had actual or constructive knowledge of the '358 Patent, yet infringe said patent.  The infringement of the '358 Patent by Defendants was willful and deliberate, entitling Duer to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II

## COPYRIGHT INFRINGEMENT

42.     Duer hereby incorporates by reference the allegations of the preceding paragraphs as if set forth fully herein.

43.     On information and belief, a package insert bearing an image of an adherence tool affixed to a pill bottle and product use instructions substantially identical to Duer's

package insert accompanies Defendants' adherence tool for distribution to customers.  <u>See</u> Exhibit D-1 and D-2 hereto.

44.     On information and belief, the image of the adherence tool affixed to the pill bottle in Defendants' product insert is the identical image Duer provided to Defendants when Defendants were discussing purchasing adherence tools from Duer.

45.     On information and belief, Defendants altered Duer's image of the adherence tool affixed to a pill bottle to remove Duer's patent number from view.

46.     Defendants have copied Duer's copyrighted materials (the product insert bearing the image of adherence tool affixed to a pill bottle and instruction sheet reflected in copyright registration number VA 0001911109, 0001431705) thereby violating Duer's copyrights.

47.     Defendants are liable for infringing Duer's copyrights.

48.     Defendants' copyright infringement was deliberate and wilful.

49.     Duer has suffered damages as a result of Defendants' infringement of Duer's copyrighted materials and will continue to suffer damages and irreparable harm in the future unless Defendants are enjoined from current infringing activities.

50.     Duer is entitled to recover damages, Defendants' profits, attorney's fees and other costs of litigation.

## COUNT III

## TRADE DRESS INFRINGEMENT

51.     Duer hereby incorporates by reference the allegations of the preceding paragraphs as if set forth fully herein.

52.     Duer's adherence tool product consists of inherently distinctive trade dress that is well known to the consuming public, has generated substantial goodwill for Duer and is of substantial value.

53.     Duer extensively markets her product, among other ways, through a website www.take-n-slide.com and through an exclusive distributor Richard Cosgrove of Anatomed, Inc.

54.     Tens of thousands of dollar have been spent extensively and continuously marketing Duer's product for at least five years, and the public has come to associate Duer's product with a single source, namely Duer.

55.     The overall shape, size, and design of Duer's product, to include its rectangle shape, vertical orientation of the days of the week down the left side of the product and the red and green color scheme is inherently distinctive and has acquired secondary meaning.

56.     Duer's trade dress elements described herein are primarily non-functional in that they are not essential to the use or purpose of the product.

57.     Defendants have intentionally copied the trade dress of Duer's Take-n-Slide product to include the design, shape, size and red and green color scheme of Duer's product. An image of Defendants' infringing product is attached hereto as Exhibit D-1.

58.     Defendants' use of the trade dress which is closely associated with Duer's product is likely to deceive purchasers into believing Defendants' and Duer's products come from the same source or are manufactured with permission of the same source.

59.     Defendants' attempt to pass off Defendants' product as Duer's product has resulted in a likelihood of confusion in the marketplace in violation of Section 43(a) of the Lanham Act.

60.     Defendants' infringement of Duer's trade dress was deliberate and wilful.

61.     Duer has suffered damages as a result of Defendants' infringement of Duer's trade dress and will continue to suffer damages and irreparable harm in the future unless Defendants are enjoined from infringing activities.

62.     Duer is entitled to recover damages, enhanced damages, attorney's fees and litigation expenses.

## COUNT IV

## TRADEMARK INFRINGEMENT

63.      Duer hereby incorporates by reference the allegations of the preceding paragraphs as if set forth fully herein.

64.    Defendants' use of the mark Take-n-Slide and similar variations thereof (to include without limitation "T-n-S"), is likely to cause confusion and has caused actual confusion in the minds of consumers as to the source, origin, association, affiliation, approval or sponsorship of goods offered by Plaintiff and Defendants in violation of the Lanham Act and common law.

65.    Defendants' use of the mark Take-n-Slide, and similar variations thereof, has caused and continues to cause irreparable harm and damage to Plaintiff and will continue to do so until permanently enjoined.

66.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to recover (1) Defendant's profits, (2) damages sustained by Plaintiff, (3) enhanced damages and (4) the costs of this action, to include, reasonable attorney's fees.

67.    As a result of Defendants' unlawful conduct, Defendants should be temporarily, preliminarily, and permanently enjoined from using the mark Take-n-Slide and similar variations thereof, on or in connection with dosage adherence tools.

68.    Defendant's conduct in violating Plaintiff's rights under 15 U.S.C. § 1125(a) and common law was and continues to be malicious, fraudulent, deliberate, or willful.  As a result, this is an exceptional case under 15 U.S.C. § 1117(a).

## PRAYER FOR RELIEF

WHEREFORE, Duer prays for the following relief against Defendants:

A.     A judgment that Defendants have directly infringed the '358 Patent; contributorily infringed the '358 Patent; and/or induced infringement of the '358 Patent;

B.     An award of all damages recoverable under the laws of the United States and the laws of the State of Georgia in an amount to be proven at trial;

C.     An award of treble damages pursuant to 35 U.S.C. § 284 against Defendants as a result of Defendants' willful infringement;

D.     A judgment requiring Defendants to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

E.     A judgment that Defendants infringed Duer's trade dress infringement;

F.     An award of damages and enhanced damages associated with Defendants' infringement of Duer's trade dress;

G.     A judgment that Defendants infringed Duer's Take-n-Slide trademark;

H.     An award of damages and enhanced damages associated with Defendants' infringement of Duer's trademarks.

I.     A finding that this is an exceptional case and awarding litigation costs to include reasonable attorney's fees to Duer;

J.     A judgment that Defendants engaged in copyright infringement;

K.     An award of damages, Defendants' profits and enhanced damages associated with Defendants' copyright infringement, and attorney's fees;

L.     Enhanced damages as a result of Defendants' deliberate and wilful unlawful conduct;

M.     An injunction prohibiting Defendants from engaging in the unlawful conduct alleged herein;

N.     An award to Duer of litigation costs to include reasonable attorney's fees;

O.     Such other and further relief as this Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands that all issues so triable be determined by a jury.

Respectfully submitted, this 22nd day of July, 2015.

FLYNN PEELER & PHILLIPS LLC

**s/Charles E. Peeler**
Charles E. Peeler
Georgia Bar No. 570399
517 West Broad Avenue
PO Box 7 (31702)
Albany, Georgia 31701
Tel: 229-446-4886
Fax: 229-446-4884
cpeeler@fpplaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2015, I electronically filed the foregoing *THIRD AMENDED COMPLAINT* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Mike Hogan
Seed IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, WA 98104

L. Scott Burwell
Finnegan Henderson Farabow & Dunner, LLP
11955 Freedom Drive, Suite 800
Reston, Virginia 20190

Virginia L. Carron
Finnegan, Henderson, Farrabow, Garrett & Dunner, LLP
3200 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia 30308

John R. Gibson
Duane Morris, LLP
1075 Peachtree Street, NE
Suite 2000
Atlanta, Georgia 30309

FLYNN PEELER & PHILLIPS LLC

<u>*s/Charles E. Peeler*</u>
Charles E. Peeler

- 17 -